

U.S. Department of Justice
*United States Attorney's Office*
*District of New Jersey*

*ROBERT FRAZER*
*United States Attorney*

*JOSEPH MCFARLANE*
*Assistant United States Attorney*

*401 Market Street, 4ᵗʰ Floor*
*Post Office Box 2098*
*Camden NJ 08101*

*Fax: (856) 968-4917*
*Direct Dial: (856) 968-4863*

April 21, 2026

Rocco Cipparone, Jr., Esq.
157 Bridgeton Pike, Suite 200-320
Mullica Hill, New Jersey 08062

Re:   Plea Agreement with John Grinnell

Dear Mr. Cipparone:

This letter sets forth the plea agreement between your client, John Grinnell, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 21, 2026, if it is not accepted in writing by that date. If John Grinnell does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from John Grinnell to an Information which charges John Grinnell with attempting to provide contraband to a prison inmate, in violation of 18 U.S.C. §§ 1791(a) and (b)(5). If John Grinnell enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against John Grinnell for his role in smuggling contraband into FCI Fort Dix through November 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against John Grinnell even if the applicable statute of limitations period for those charges expires after John Grinnell signs this agreement, and John Grinnell agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 1791(a) and (b)(5) to which John Grinnell agrees to plead guilty carries a statutory maximum prison sentence of six months and a statutory maximum fine equal to the greatest of (1) $5,000, or (2) twice the gross

amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon John Grinnell is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence John Grinnell ultimately will receive.

Further, in addition to imposing any other penalty on John Grinnell, the sentencing judge as part of the sentence:

(1)     will order John Grinnell to pay an assessment of $10 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order John Grinnell to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on John Grinnell by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of John Grinnell's activities and relevant conduct with respect to this case.

## Stipulations

This Office and John Grinnell will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

- 2 -

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and John Grinnell waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

John Grinnell understands that, if John Grinnell is not a citizen of the United States, John Grinnell's guilty plea to the charged offense will likely result in John Grinnell being subject to immigration proceedings and removed from the United States by making John Grinnell deportable, excludable, or inadmissible, or ending John Grinnell 's naturalization. John Grinnell understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. John Grinnell wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause John Grinnell's removal from the United States. John Grinnell understands that John Grinnell is bound by this guilty plea regardless of any immigration consequences. Accordingly, John Grinnell waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. John Grinnell also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against John Grinnell. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude John Grinnell from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement John Grinnell and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

*Joseph McFarlane*

By:    Sara Aliabadi
       Joseph McFarlane
       Assistant U.S. Attorneys

APPROVED:

*Ronnell L. Wilson*

Ronnell L. Wilson
Chief, Special Prosecutions Division

- 4 -

I have received this letter from my attorney, Rocco Cipparone, Jr. Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


*John Grinnell*
John Grinnell (Jun 17, 2026 10:59:21 EDT)

John Grinnell

Date:    06/17/26


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Rocco C. Cipparone

Rocco Cipparone, Jr. Esq.
Counsel for Defendant

Date:  06-16-2026

- 5 -

Plea Agreement With John Grinnell

Schedule A

1.    The United States Sentencing Guidelines do not apply because the offense of conviction is a Class B misdemeanor. U.S.S.G. § 1B1.9. Each party agrees to the following stipulations.

2.    This Office and defendant John Grinnell agree to stipulate to the following facts:

   a.  Federal Correctional Institute Fort Dix ("FCI Fort Dix") is a low-security federal correctional institution located in Burlington County, New Jersey.

   b.  Beginning in or around February 2020, defendant John Grinnell was assigned to work as a correctional officer at FCI Fort Dix.

   c.  On November 19, 2024, defendant John Grinnell knowingly attempted to provide tobacco to prison inmates detained within FCI Fort Dix, in violation of a statute or rule or order issued under a statute.

3.    If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.